IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH TERRY, et al,

      Plaintiffs,   No. CIV S-05-00163 PAN

  vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.   ORDER

_____/

Defendant's motion for dismissal under FRCP 12(b)(1) and (6) came before the court on September 28, 2006. Plaintiff was represented by Ian Sammis. Jerilyn Gulseth appeared for Defendant. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff applied for Social Security benefits on September 3, 2003, seeking Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). (Def.'s Mot. Dismiss, Attachment #1 at 2.) Plaintiff applied for child survivor benefits on behalf of her daughter, Alicia M. Cunningham, a child born to Plaintiff at the time of her marriage to a deceased insured wage-earner, Augustus Terry. (Def.'s Mot. Dismiss, Attachment #3 at 4.) In

addition, Plaintiff filed a second claim for herself seeking two sources of benefits; lump sum widow's benefits as a result of the death of Augustus Terry; and mother's benefits due to her relationship with Alicia M. Cunningham. (Def.'s Mot. Dismiss, Attachment #4 at 5.) On June 22, 2004, an Administrative Law Judge (ALJ) held a hearing to review the Social Security Administration's initial denial of Plaintiff's claims. (Pl.'s Compl. 2) The ALJ denied Plaintiff's "on behalf of" claim on October 29, 2004. (Def.'s Mot. Dismiss, Attachment #3 at 7.) He then partially denied her direct claim on November 9, 2004, granting widow's benefits but not mother's benefits. (Def.'s Mot. Dismiss, Attachment #4 at 10.) On or about November 22, 2004, Plaintiff appealed the ALJ's findings to the Appeals Council. (Pl.'s Compl. 2; Def.'s Mot. Dismiss, Attachment #5.)[1] On January 26, 2005, prior to any grant of review by the Appeal's Council, Plaintiff filed her complaint with the District Court seeking review under 42 U.S.C. 405(g), alleging four causes of action relating to the denial of her benefits and the handling of her case. (Pl.'s Compl. 2-4.) Two days later, on January 28, 2005, the Appeals Council granted Plaintiff's request for review. (Def.'s Mot. Dismiss, Attachment #1 at 3, Attachment #6.) On February 14, 2005, Plaintiff requested an appearance before the Appeals Council. (Def.'s Mot. Dismiss, Attachment #7.) The Appeals Council denied this request on March 4, 2005. (Def.'s Mot. Dismiss, Attachment #7.) The Appeals Council upheld the ALJ's findings on March 11, 2005, making those decisions the final decisions of the Commissioner of Social Security ("Commissioner") as it concerned Plaintiff's own and her "on behalf of" applications for benefits. (Def. Mot. Dismiss, Attachment #1 at 4, Attachment #9.)

On June 17, 2005, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. Plaintiff responded on August 23, 2005, in a filing entitled, in pertinent

---

[1] Defendant states that Plaintiff sought review on November 17, 2005. (Def.'s Mot. Dismiss, App. 1 at 3.) The crucial fact is that Plaintiff sought review with the Appeals Council; the particular date is irrelevant.

part, "Motion to Compel Production of the Complete Transcript of the Administrative Record Including Reply to Defendant's Motion to Dismiss." (Pl.'s Mot. Compel / Reply.)

Congress has authorized judicial review of decisions by the Commissioner for claims filed under both Title II and Title XVI of the Act. 42 U.S.C. § 405(g); 42 U.S.C. § 1383; see e.g. Briggs v. Sullivan, 886 F.2d 1132, 1138 (9th Cir. 1989). However, judicial review cannot commence until the Commissioner issues a "final decision." Id.; Mathews v. Eldridge, 424 U.S. 319, 328 (1976). A final decision consists of a nonwaivable requirement of presentment of a claim and a waivable requirement of exhaustion of administrative remedies. Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993).

Presentment occurs upon filing of a claim and has been met in this case. See Hironymous v. Bowen, 800 F.2d 888, 894 (9th Cir. 1986). With regards to exhaustion, "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The Social Security Act grants the Commissioner the authority to define "final decision." 42 U.S.C. § 405(a); Sims v. Apfel, 530 U.S. 103, 105, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); see Weinberger v. Salfi, 422 U.S. 749, 766, 95 S.Ct. 2467, 2462, 45 L.Ed.2d 522 (1975)("The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.") The regulations permit judicial court review only after a plaintiff has completed the administrative process. 20 C.F.R. § 404.900(a)(5). This process requires an initial determination, reconsideration, hearing before an ALJ, and Appeals Council action upon request for review. 20 C.F.R. § 404.900(a)(1)-(4). Such action by the Appeals Council can be either denial of a request for review or, as occurred in this case following the filing of Plaintiff's complaint, a decision after the granting of a request. Sims, 530 U.S. at 105, 120 S.Ct. 2080; 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a).

Only after completion of these steps can it be said that the Commissioner has made a final decision on a plaintiff's claim. Sims, 530 U.S. at 105, 120 S.Ct. 2080. Fulfillment

of these prerogatives is central to the "requisite grant of subject-matter jurisdiction" that empowers the federal court to hear a claim. Salfi, 422 U.S. at 764; 95 S.Ct. at 2466. Absent a final decision, exhaustion has not occurred and a court is generally powerless to act on any individual claim for benefits. See id. at 765-766, 95 S.Ct. 2457.

The statute is clear in its requirements. "Any individual, *after* any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within 60 days after* the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (emphasis added) 42 U.S.C. § 405(g). The evidence in the record clearly establishes that Plaintiff filed her complaint prior to the final decision of the Commissioner. Dismissal on that basis is appropriate.

Subsequent to a final decision, Plaintiff has 60 days to seek judicial review. 42 U.S.C. 405(g). In this case, the Appeals Council issued a final decision on March 11, 2005. Accordingly, the statute of limitations for filing a claim expired 60 days later, on May 10, 2005. As of that date, Plaintiff had not filed any complaint other than their original, hastily filed January 26, 2005, complaint. Given that Plaintiff had not filed a proper complaint prior to a final decision by the Commissioner, nor had they filed a complaint within 60 days after that final decision, dismissal of the original complaint and as well as any subsequent complaint filed after May 10, 2005, would be warranted based upon procedural grounds.

However, at the hearing, Plaintiff agreed that it would not object to an amended complaint filed by Plaintiff contesting the ALJ's October 29, 2004, denial of Plaintiff's "on behalf of" claim, and the ALJ's November 9, 2004, denial of Plaintiff's mother's benefits claim. Under the regulations, the Commissioner may grant an extension of time to file a complaint when dictated by considerations of fairness. See Bowen v. City of New York, 476 U.S. 467, 480 fn. 12, 106 S.Ct. 2022, 2030 fn.12, 90 L.Ed.2d 462 (1986); 20 C.F.R. § 404.911, 416.1411. The Commissioner has agreed to do so in this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is granted without prejudice;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; Plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

13
Terry.OAH.ss.wpd