1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEBORAH TERRY on behalf of
     ALICIA M. CUNNINGHAM,
11
                    Plaintiff,                    No. CIV S-05-0163 GGH
12          vs.

13   MICHAEL J. ASTRUE,                           ORDER
     Commissioner of Social Security,[1]
14
                    Defendant.
15   _____/

16          Currently pending before the court are the parties' cross-motions for summary

17   judgment regarding plaintiff's application for child's survivor and mother's insurance benefits

18   under the Social Security Act ("Act").  The case was stayed on January 31, 2007, pending a

19   decision by the Superior Court of California, County of Solano, regarding the heirship of Alicia

20   Cunningham ("Alicia"), the child for whom plaintiff seeks benefits.  The stay was lifted on

21   December 18, 2007, following the state court's ruling that Alicia was the heir of Augustus Terry,

22   Sr. ("Terry"), the wage earner under whose account plaintiff seeks benefits.  For the reasons that

23   follow, plaintiff's motion for summary judgment is denied, and the Commissioner's cross-

24   _____

25          [1]  On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social
     Security, replacing Jo Anne B. Barnhart, the original defendant herein.  Pursuant to 42 U.S.C.
26   § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this
     action.

                                              1

1  motion for summary judgment is granted.  The Clerk is directed to enter judgment for the

2  Commissioner.

3  BACKGROUND

4          Plaintiff gave birth to Alicia in 1993 while she was still married to, though

5  separated from, deceased wage-earner, Terry.  It is undisputed that Alicia's biological father is

6  James Cunningham rather than Terry.  Although Terry filed for legal separation from plaintiff in

7  1995, no final judgment ever issued, and they remained legally married until Terry's death on

8  August 29, 2003.  (Tr. 143.)

9          Although James Cunningham is Alicia's biological father, he did not pay child

10  support and eventually had his visitation rights revoked.  (Tr. 80-81, 90, 234.)  Plaintiff and

11  Alicia lived on their own, and Terry stayed with them for only a very brief period before he was

12  transferred to a nursing home prior to his death.  (Tr. 62-63, 69-70, 74, 137-38, 147.)

13          Before he was diagnosed with Alzheimer's in 2000, Terry applied for Social

14  Security retirement benefits.  (Tr. 120-22.)  In his application, he identified two minor children as

15  potentially eligible for Social Security benefits under his account:  Augustus Terry, Jr. and

16  Joseph Terry (both children he had with plaintiff prior to Alicia's birth).  He eventually only

17  applied for child's insurance benefits for Augustus Terry, Jr.  (Tr. 213-17.)

18          On August 6, 1996, plaintiff applied for wife's insurance benefits and for child's

19  insurance benefits on behalf of Joseph Terry through Terry's account.[2]  (Tr. 221-28.)  On April 3,

20  2002, plaintiff applied for child's insurance benefits on behalf of Alicia based on Terry's

21  account, but the Administration denied the application because Alicia was not Terry's child.  (Tr.

22  128-35.)

23          Following Terry's death, plaintiff applied for a lump sum death payment,

24  mother's insurance benefits ("mother's benefits"), and child's survivor benefits on behalf of

25  _____

26          [2]  Plaintiff receives disability benefits under Title XVI of the Act.  (Tr. 226-28.)

Alicia.  (Tr. 137-147.)  Those claims were denied initially and upon reconsideration on December 23, 2003.  (Tr. 157-77).

A hearing was held before an administrative law judge ("ALJ"), and on October 29, 2004, the ALJ found that Alicia was not entitled to child's survivor benefits on Terry's account.  (Tr. 24-27.)  Specifically, the ALJ made the following findings:

> 1.   The claimant is not the natural, adopted or stepchild of Augustus Terry, Sr.
>
> 2.   The claimant was not dependent upon the insured.
>
> 3.   The claimant is not entitled to child survivor benefits on the account of Augustus Terry, Sr.

(Tr. 27.)

In a separate decision dated November 9, 2004, the ALJ found that, although plaintiff was entitled to the lump sum death payment as Terry's widow, she was not entitled to mother's benefits based on Terry's account. (Tr. 16-20.)  Specifically, the ALJ  made the following findings:

> 1.   The claimant is the widow of the deceased insured individual, Augustus Terry, Sr.
>
> 2.   The claimant was not living in the same household as the insured at the time of his death but was separated due to confinement in a nursing home.
>
> 3.   The claimant is entitled to receive the Lump-Sum Death Payment for Augustus Terry, Sr.
>
> 4.   Alicia Cunningham is not the natural, adopted, or step child of the insured.
>
> 5.   The claimant does not have in her care a child of the insured who is entitled to child's benefits and under age 16 or disabled.
>
> 6.   The claimant is not entitled to receive mother's benefits on the insured's account based on her parental relationship to Alicia Cunningham.

(Tr. 20.)

3

Plaintiff appealed the ALJ's decisions regarding the mother's benefits and child survivor's benefits to the Appeals Council.  However, prior to the Council's grant of review, plaintiff filed a complaint in this court on January 26, 2005.  Two days later, the Appeals Council granted plaintiff's request for review, and on March 11, 2005, it affirmed the ALJ's decisions. (Tr. 4-10.)

On September 29, 2006, the previously assigned magistrate judge determined that the complaint filed on January 26, 2005, was premature as it did not seek review of a "final" decision of the Commissioner.  See Sims v. Apfel, 530 U.S. 103, 105-07 (2000); 42 U.S.C. § 405(g).  However, while the court granted defendant's motion to dismiss, it did so without prejudice (and pursuant to defendant's consent) to plaintiff filing an amended complaint. Plaintiff filed the amended complaint on October 31, 2006.

The court then issued an order on January 31, 2007, approving the parties' stipulation to stay the case pending the state court's determination of Alicia's heirship status with respect to Terry.[3]  On December 5, 2007, plaintiff filed a notice of the state court's judgment regarding Alicia's heirship and relationship to Terry.  See docket no. 36 (Superior Court's Judgment Determining Heirship, Establishing Parent/Child Relationship In the Matter of the Estate of Augustus Terry, No. P 42658).  The state court's judgment consists of a single paragraph:

> The matter having come before the court, no opposition having been filed, proper notice havein [sic] been given to all interested parties, The Court finds that ALICIA CUNNINGHAM is one of the heirs of the Decedent under the laws of intestate succession and Probate Code Sections 11700, 6402(a) 6453 and 6454.

Id.

\\\\\

---

[3] In light of the discussion that follows, it is unclear whether the Commissioner thought the state court decision would have any bearing on the ultimate resolution of this case under applicable federal law.

1    The stay was lifted on December 18, 2007, and plaintiff was directed to file a

2  summary judgment motion.  She did so, and defendant responded by filing a cross-motion for

3  summary judgment.  Plaintiff argues that the state court judgment is dispositive on the issue of

4  eligibility for benefits under the Act, and that the Commissioner's previous decisions were based

5  on improper legal standards.  Plaintiff also argues that defendant waived any opposition to her

6  motion by failing to intervene in the state court action.  Defendant counters by arguing that the

7  Commissioner's decisions were supported by substantial evidence, and that the state court ruling

8  does not constitute new and material evidence.

9  ISSUES PRESENTED

10    The primary issue before the court is whether plaintiff and Alicia are entitled to

11  benefits by virtue of Alicia's relationship to Terry.

12  LEGAL STANDARDS

13    The court reviews the Commissioner's decision to determine whether (1) it is

14  based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

15  the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

16  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v.

17  Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might

18  accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct.

19  1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206

20  (1938).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

21  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

22  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

23  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

24  Thomas v. Barnhart, 278  F.3d 947, 954 (9th Cir. 2002).

25  \\\\\

26  \\\\\

5

1  ANALYSIS

2       A.  Defendant Has Not "Waived" Opposition to Plaintiff's Motion

3           First, the court addresses plaintiff's assertion that defendant has waived any right

4  to oppose her summary judgment motion by failing to intervene in the state court action.  This

5  argument is not well-taken.  This case was stayed during the state court proceedings, and plaintiff

6  did not file her summary judgment motion until the stay was lifted.  Defendant timely responded

7  by filing a cross-motion for summary judgment.

8           Plaintiff cites no authority to support her contention that defendant had to

9  intervene in the probate action.  Even if defendant had standing to intervene, he was not required

10  to do so.  Finally, neither defendant – nor this court – "stipulated" to be bound by the state

11  court's judgment.  Rather, defendant agreed to a stay, which the court approved, pending the state

12  court's determination of Alicia's status as Terry's heir.  In essence, the court postponed a

13  decision on the merits here; it did not decide the issue by granting the stay.

14       B.  Alicia's Eligibility Under the Act

15           Under the Act, every child is entitled to benefits if the claimant is the child of an

16  individual who dies fully or currently insured.  Gillett-Netting v. Barnhart, 371 F.3d 593, 596

17  (9th Cir. 2004).  The Act defines the term "child" as the insured's natural or legally adopted

18  child, stepchild, or, in some circumstances, his or his spouse's grandchild or stepgrandchild.  See

19  42 U.S.C. § 416(e).

20           Here, plaintiff does not argue that Alicia is the stepchild or adopted child of Terry.

21  Rather, she argues that the Commissioner erred by failing to consider whether Alicia was Terry's

22  "natural child" based on California's intestacy law.

23           The term "natural child" has been interpreted to mean the biological child of the

24  insured.  Gillett-Netting, 371 F.3d at 596.  The child must also be a minor and dependent on the

25  insured at the time of his death to be eligible for benefits.  Id. (citing 42 U.S.C. § 402(d)(1)).

26  \\\\\

1    The ALJ found that Alicia was not Terry's natural child, as it was undisputed that

2    James Cunningham is her biological father.  (Tr. 19.)  He further found that Alicia was not

3    Terry's stepchild, because the regulations define a step child as one whose natural parent married

4    the insured <u>after</u> her birth.  <u>See</u> 20 C.F.R. § 404.357 (emphasis added).  In this case, plaintiff

5    married the insured prior to Alicia's birth.[4]  (Tr. 19.)  In any event, plaintiff does not argue here

6    that Alicia is Terry's stepchild.  Rather, plaintiff seeks to procure a judgment of eligibility based

7    on the <u>post hoc</u> state court decision that Alicia could inherit from Terry under California's

8    intestacy laws, and is therefore his "natural child."

9    Pursuant to 42 U.S.C. § 416(h)(2)(A), *when parentage is disputed*, a child may

10   still prove parentage by establishing one of six circumstances:

11   (1) <u>the child would be entitled to take an intestate share of the</u>
     <u>individual's property under the laws of the state in which the</u>
12   <u>individual resided at death;</u> (2) the child's parents went through a
     marriage ceremony resulting in a purported marriage between them
13   that, but for a legal impediment unknown to them at the time,
     would have been a valid marriage; (3) the deceased wage earner
14   acknowledged the claimant as his or her child in writing; (4) the
     deceased wage earner, before dying, had been decreed by a court to
15   be the parent of the claimant; (5) the deceased wage earner, before
     dying, had been ordered by a court to contribute to the support of
16   the claimant because the claimant was his or her child; or (6) the
     insured individual is shown by evidence satisfactory to the
17   Commissioner to have been the parent of the claimant and to have
     been living with or contributing to the support of the claimant at
18   the time that he died.

19   <u>Gillett-Netting</u>, 371 F.3d at 597 (citing 42 U.S.C. §§ 416(h)(2), (3)) (emphasis added).

20   While plaintiff has honed in on the first "circumstance" for establishing parentage

21   – i.e., the ability to inherit under the state's intestacy laws – she has failed to recognize its

22   inapplicability in this case.  The Ninth Circuit in <u>Gillett-Netting</u> determined that "these

23   provisions do not come into play for the purposes of determining whether a claimant is the

24

25   [4] The Appeals Council also rejected plaintiff's later argument that Alicia was Terry's
     "illegitimate" child.  (Tr. 8.)  Rather, the Council found that Alicia was the "illegitimate" child of
26   James Cunningham.  <u>Id.</u>

1    'child' of a deceased wage earner <u>unless parentage is disputed</u>." <u>Id</u>. (emphasis added).  The

2    Court further noted that the regulations setting forth "who is a natural child" – 20 C.F.R. §

3    404.355 –  apply only to "child[ren] whose parents were never married."  <u>Id</u>., at 597 n.4 (citing

4    <u>Campbell ex rel. Campbell v. Apfel,</u> 177 F.3d 890, 891-92 (9th Cir. 1999)).

5    Here, it is undisputed that Alicia's biological parents never married.  However,

6    her biological parentage is also undisputed.  Given the lack of dispute regarding her biological

7    parentage, the ALJ was not required to determine whether Alicia was Terry's "natural child"

8    under 20 C.F.R. § 404.355.  Plaintiff's attempt to apply these regulations or to create a dispute

9    regarding Alicia's parentage by obtaining an unsupported, unexplained, and <u>post hoc</u> probate

10   court order is unavailing.  Alicia's parentage has never been in dispute at any stage of these

11   proceedings.  For these same reasons, plaintiff's reliance on several state court cases involving

12   custody and parentage is also unavailing .

13   Finally, whether or not the state court ruling constitutes "new evidence," is

14   immaterial based on the foregoing discussion.  A case may be remanded to the Secretary for the

15   consideration of new evidence if the evidence is material and good cause exists for the absence

16   of the evidence from the prior record.  <u>Sanchez v. Secretary of HHS</u>, 812 F.2d 509, 511-12 (9th

17   Cir. 1987).  In order for new evidence to be "material," the court must find that, had the Secretary

18   considered this evidence, the decision might have been different.  <u>Booz v. Secretary of Health</u>

19   <u>and Human Services</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

20   Here, the state court ruling is immaterial in light of the facts regarding Alicia's

21   parentage and applicable Ninth Circuit law.  Further, plaintiff presents no reasons as to why she

22   did not try to obtain such a judgment during the administrative phase of this case.  Thus, she has

23   failed to establish "good cause" for remand even assuming the evidence were material.

24   <u>CONCLUSION</u>

25   As set forth above, the court finds that the ALJ's assessment is fully supported by

26   substantial evidence in the record and based on the proper legal standards.  Accordingly,

1  plaintiff's motion for summary judgment is DENIED, the Commissioner's cross-motion for

2  summary judgment is GRANTED, and the Clerk is directed to enter judgment for the

3  Commissioner.

4  DATED: 07/22/08

5                                        /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE
6  terry.sj

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9